UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MELVIN B. NEISNER, JR.,<br>individually and on behalf of all other<br>taxpayers in the Town of Killington,<br><br>　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>TOWN OF KILLINGTON,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:　　File No. 1:16-cv-00004-jgm<br>:<br>:<br>:<br>:<br>: |

RULING ON DEFENDANT'S MOTION TO DISMISS
(Doc. 22)

I.　　Introduction

　　　Plaintiff Melvin B. Neisner, Jr. ("Neisner"), a licensed attorney acting pro se, sues the Town of Killington ("Killington" or the "Town") alleging a violation of the Freedom of Information Act and multiple state law claims. (Doc. 19 ("Am. Compl.").) Purporting to sue both individually and on behalf of all other taxpayers in the Town of Killington, Neisner seeks a declaratory judgment, a permanent injunction, and compensatory and punitive damages. Killington moves to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) Neisner opposes the motion (Doc. 23) and Killington filed a reply (Doc. 24). For the reasons discussed below, Killington's motion to dismiss is granted in part and denied in part.

II.　　Background

　　　This case originated in state court in December 2015. (Doc. 9 ("Compl.").) In early January 2016, the Town removed the case to this Court because the original complaint alleged violations of Neisner's due process rights under the United States Constitution. (Doc. 1.) Following the Town's January motion to dismiss (Doc. 7), Neisner moved to amend his complaint and to remand the case to state court (Docs. 12, 14). The proposed amended complaint dropped the due process claim but

added a claim under the Freedom of Information Act.  In April, the Court granted the motion to amend, denied the motion to remand because of the federal claim asserted in the amended complaint, and denied without prejudice Killington's motion to dismiss in light of the filing of the amended complaint.  See Dkt. Entries 16-18 (Apr. 5, 2016).  Accordingly, the amended complaint was filed April 5, 2016.

The following facts are assumed to be true for purposes of the pending motions and are gleaned from the amended complaint.  Neisner is a resident, voter and taxpayer in the Town of Killington.  Killington is a chartered and organized town in Vermont with a Selectboard authorized with the general supervision of the affairs of the town.

In Count IV, Neisner alleges a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (Am. Compl. ¶¶ 31-33.)  He alleges the Town is subject to the provisions of FOIA with respect to public records information requests.  Id. ¶ 4.  He asserts the Town Selectboard and Town Manager failed to provide requested documents and willfully destroyed documents in violation of FOIA.  (Am. Compl. ¶¶ 32-33.)

In Counts I-III and V-VII, Neisner alleges various state law claims including:  breach of fiduciary duty concerning the hiring and retention of a Town Manager (Am. Compl. ¶¶ 5-14); a "Complaint for permanent injunction and declaratory judgment" regarding a sewer bond and park and ride lease (Am. Compl. ¶¶ 15-22); a claim under Vermont's Public Records Act, Vt. Stat. Ann. tit. 1, § 317, and an "Appeal of Decision" under Vt. Stat. Ann. tit. 1, § 319 (Am. Compl. ¶¶ 23-30); a fraud claim regarding missing and misleading information in Town Annual Reports (Am. Compl. ¶¶ 34-37; a damage to real property claim (Am. Compl. ¶¶ 38-42); and a defamation and libel claim (Am. Compl. ¶¶ 43-50).

III.  Discussion

The Court is normally required to read a pro se plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Here, given that Plaintiff Neisner is an attorney currently practicing in Vermont, his pleading is not entitled the special consideration ordinarily given to pro se plaintiffs. See Maloney v. Cuomo, 470 F. Supp. 2d 205 (E.D.N.Y. 2007), aff'd, 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 561 U.S. 1040 (2010); Kuriakose v. City of Mount Vernon, 41 F. Supp. 2d 460, 465 (S.D.N.Y. 1999).

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000). The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the pleader. Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006). Though the court must accept as true all factual allegations, this requirement "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Turkmen v. Hasty, 789 F.3d 218, 233 (2d Cir. 2015). "

Irrespective of whether they are drafted pro se, all complaints must contain at least "some minimum level of factual support for their claims." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). "Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).

A.       Freedom of Information Act Claim

Neisner alleges a violation of the Freedom of Information Act, 5 U.S.C. § 552, stemming from the Town Selectboard and Town Manager's failure to provide requested documents and alleged willful destruction of documents.  (Am. Compl. ¶¶ 32-33.)  He baldly asserts the Town is subject to the provisions of FOIA with respect to public records information requests.  Id. ¶ 4.  The Court does not accept this legal conclusion as true.  See Iqbal, 556 U.S. at 678.

FOIA provides the public the right to request access to records from any federal agency. "FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'"  Bloomer v. U.S. Dep't of Homeland Sec., 870 F. Supp. 2d 358, 364 (D. Vt. 2012) (quoting 5 U.S.C. § 552(a)(4)(B)). Jurisdiction depends "on a showing that an agency has (1) improperly (2) withheld (3) agency records."  U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989).  The immutable defect in the complaint is that "agency" includes federal governmental agencies but does not extend to municipalities such as the Defendant Town of Killington.  See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal . . . agencies.").  Accordingly, Plaintiff's FOIA claim is dismissed with prejudice because a federal FOIA claim cannot be asserted against a Vermont town.

B.       State Law Claims

Since Plaintiff's sole federal claim is being dismissed with prejudice, his remaining state claims will also be dismissed.  A district court "may decline to exercise supplemental jurisdiction" where it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). This determination is left to the discretion of the trial court.  Lundy v. Catholic Health Sys., 711 F3d 106, 117 (2d Cir. 2013); Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006)

(reversing district court's decision to exercise supplemental jurisdiction after dismissal of all federal claims). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Neisner requested that, if Defendant's motion to dismiss were granted as to his federal claim, the case be remanded to state court. (Doc. 13 at 4.) The factors of judicial economy, convenience, fairness, and comity, Kolari, 455 F.3d at 119, all point to declining to retain jurisdiction over the remaining state-law claims in this case. The parties have not yet engaged in discovery, and Plaintiff's state claims are more appropriately addressed in state court. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and they are remanded to state court. 28 U.S.C. § 1447(c).

IV.     Conclusion

The Town of Killington's motion to dismiss for failure to state a claim (Doc. 22) is granted in part. Neisner's claim for violation of the federal Freedom of Information Act is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Neisner's remaining state-law claims under 28 U.S.C. § 1367(c)(3), and, accordingly, they are remanded to state court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of December, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge